## JACOB R. SLOSBERG
### vs.
## CALLAHAN OIL COMPANY

Superior Court     New London County     File #11572

Present: Hon. CARL FOSTER, Judge.

Henry H. Pettis;
Brown & James,            Attorneys for the Plaintiff.

Arthur F. Libby,            Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 23, 1937.

FOSTER, J. This action was returned to this Court on the first Tuesday of January, 1936. Counsel for the plaintiff represent to the Court that the trial of the action will occupy two or three weeks. Counsel for the defendant is of the opinion that the trial of the action will require little more than one week. The case stands upon the trial list to be heard by the Court without a jury. Only one judge is assigned to conduct the business of the Court in this county, including civil trials to the Court and to the jury, as well as criminal business.

The trial by the Court of an action, the trial of which will probably occupy two weeks or more, when the action may be referred to a State Referee or a committee, is an injustice to litigants in other cases awaiting trial.

The Court suggested to counsel in this case that they stipulate that the action be referred to a State Referee. This counsel for the defendant declined to do.

The plaintiff now moves the Court to appoint a disinterested person as a committee to hear the evidence, find the facts and report the same to the Court under **General Statutes, Sec. 5857.** To this the defendant objects. The principal objection is that the Court ought not to find "that the questions involved are such as **clearly** ought to be sent to a committee".

It may be that in a case where numerous questions of law are involved, a reference to a committee might be a cumbersome procedure. It would necessitate a ruling by the committee on such questions of law, a complicated report to the Court, a possible remonstrance by the losing party, a possible re-committal to the committee, etc.

Here, however, we have simple statements of fact in a complaint, which are denied in simple form; we have a counterclaim consisting of simple statements of fact containing numerous money items, which are answered in simple form; we have an amendment to the complaint consisting of simple statements of fact and many money items, which are answered in simple form, and a simple reply is made to the affirmative allegations of such answer.

Any one without experience in court procedure might be

confused by the pleadings. To one possessing such experience, however, the pleadings will appear to be in simple and concise form.

An examination of the pleadings, especially in view of the condition of Court business in this county, discloses "that the questions involved are such as **clearly** ought to be sent to a committee". Not to do so would place the defendant in the position of continually and consistently demanding a trial by the Court, knowing full well that the Court would be loathe to assign the case for trial, on account of the length of time the trial would require; and thus could such defendant avoid a trial.

The pleadings have been closed since January 5, 1937. It is time the case was tried. Counsel for plaintiff and defendant both express a desire for an early trial.

The motion to appoint a disinterested person as a committee to hear the evidence and report the facts to the Court is granted.

The Court appoints as such committee Hon. John W. Banks of Bridgeport, Connecticut.